WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| TD Professional Services, | No. CV-22-00018-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Truyo Incorporated, et al., | |
| Defendants. | |

Before the Court is Plaintiff's Motion for Alternative Service Pursuant to Rule 4(h)(1)(A), F.R.C.P. (the "Motion"). (Doc. 13.) Plaintiff believes Defendants are evading service. (*Id.* at 2–4.) As a result, Plaintiff seeks alternative means to effectuate service of process as permitted under the Arizona Rules of Civil Procedure. (*Id.* at 4–5.)

Rule 4(e)(1) of the Federal Rules of Civil Procedure provides that individuals may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located . . . ." Fed. R. Civ. P. 4(e)(1). Arizona law enumerates several sufficient methods to serve individuals and unincorporated associations. Ariz. R. Civ. P. 4.1(d), (i).

> (1) delivering a copy of the summons and the pleading to that individual personally; (2) leaving a copy of each at that individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (3) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Ariz. R. Civ. P. 4.1(d). If a moving party shows service by those means is "impracticable," the Court may "order that service [] be accomplished in another manner." *Id.* 4.1(k)(1).

"There are no Arizona cases interpreting the meaning of 'impracticable' as that term is used in [Rule 4.1(k)]." *Blair v. Burgener*, 226 Ariz. 213, 218 (App. 2010) (formerly Rule 4.1(m)). In *Blair v. Burgener*, the Arizona Court of Appeals determined the standard of impracticability requires something less than the "due diligence" standard. *Id.* at 218 ("[T]he showing for alternative service requires something less than a complete inability to serve the defendant because the defendant's current address is unknown or the defendant completely has avoided service of process."). Applying that standard, the court deemed personal service in that case to be impracticable because the plaintiff attempted service at the defendants' place of business and residence at various times on five different days and the process server visited the defendants' place of business on seven additional days but the defendants were not present. *Id.* at 219. In addition, the court "approvingly cited a New York case on a similar service issue," in which "the New York court concluded that three attempts at service on three different days constituted sufficient efforts to warrant alternative means of service." *BMO Harris Bank, N.A. v. D.R.C. Invests., L.L.C.*, No. CV-13-1692, 2013 WL 4804482, at *4 (D. Ariz. Sept. 9, 2013) (citing *Blair*, 226 Ariz. at 218).

Plaintiff is seeking this Court's permission to serve Defendants by three alternative means. First by a "server [sending] a copy of the Complaint, Summons, Order Authorizing Alternative Service, Corporate Disclosure Statement and Election Regarding Magistrate Judge ("the Package") by certified mail to corporate headquarters for both corporations." (Doc. 13 at 5.) Second by a "server [sending] an additional copy of the Package by certified mail to the listed address for the statutory agent, Kailash Somani." (*Id.*) And third by a "server [sending] an additional copy of the Package by certified mail to defense counsel's law firm address." (*Id.*) Plaintiff argues service by an alternative method is "clearly justified" because Plaintiff's efforts "go well beyond the efforts"

necessary to establish impracticability. (*Id.* at 4.)

The Court finds that Plaintiff has made the requisite showing to justify alternative service. Plaintiff is this case has attempted to serve Defendants nine times on six different days including at home, at work, and through their attorneys. (*See id.* at 2–3.) What is more, Defendants have a copy of Plaintiff's complaint, and appear to be evading service. (*Id.* at 2; *see id.* at 1–3.) Because the "impracticable" requirement of Rule 4.1(k) is satisfied, service by an alternative method is allowed.

Accordingly,

**IT IS ORDERED granting** Plaintiff's Motion for Alternative Service Pursuant to Rule 4(h)(1)(A), F.R.C.P. (Doc. 13). Plaintiff shall make service by alternative means on both Defendants, as follows:

1. A server shall send a copy of the Complaint, Summons, Order Authorizing Alternative Service, Corporate Disclosure Statement and Election Regarding Magistrate Judge by certified mail to corporate headquarters for both corporations;

2. A server shall send an additional copy of said documents by certified mail to the listed address for the statutory agent, Kailash Somani; and

3. A server shall send an additional copy of said documents by certified mail to the law firm of counsel Hani Sayed.

The effective date of service shall be five days after the last of these tasks is accomplished.

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall file an affidavit upon completion of service specifying the date and details on which alternative service has been accomplished.

Dated this 27th day of January, 2022.

Michael T. Liburdi
United States District Judge