Steven J. Goon (Cal. State Bar No. 171993)
(admitted *pro hac vice*)
Hani Z. Sayed (Cal. State Bar No. 224233)
(admitted *pro hac vice*)
Sarah Gilmartin (Cal. State Bar No. 324665)
(admitted *pro hac vice*)
RUTAN & TUCKER, LLP
18575 Jamboree Road, 9th Floor
Irvine, CA 92612
Telephone: 714-641-5100
Facsimile: 714-546-9035
Email: sgoon@rutan.com
        sgilmartin@rutan.com
        hsayed@rutan.com

George C. Chen (State Bar No. 19704)
Jacob A. Maskovich (State Bar No. 21920)
Bryan Cave Leighton Paisner LLP
Two North Central Avenue, Suite 2100
Phoenix, AZ
Telephone: 602-364-7367
Facsimile: 602-364-7070
Email: george.chen@bclplaw.com
       jamaskovich@bclplaw.com

*Attorneys for Defendants*
*Truyo Incorporated and Intraedge Incorporated*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| TD Professional Services, an Arizona Limited Liability Corporation,<br><br>        Plaintiff,<br><br>        vs.<br><br>Truyo Incorporated, an Arizona corporation; IntraEdge Incorporated, a Delaware corporation,<br><br>        Defendants. | Case No. 2:22-cv-00018-MTL<br><br>Hon. Michael T. Liburdi<br><br>**DEFENDANTS TRUYO INCORPORATED AND INTRAEDGE INCORPORATED'S ANSWER AND COUNTERCLAIM**<br><br>**DEMAND FOR A JURY TRIAL** |

Rutan & Tucker, LLP
attorneys at law

2945/034192-0018
17563026.4 a06/03/22

-1-

AFFIRMATIVE DEFENSES, AND
COUNTERCLAIM

Defendant IntraEdge, Inc. ("IntraEdge) and Defendant Truyo, Inc. ("Truyo"; together with IntraEdge, "Defendants") hereby answer the Complaint filed by Plaintiff TD Professional Services ("TD" or "Plaintiff") and allege as follows:

## GENERAL ALLEGATIONS[1]

### A.     Parties

1.     Defendants lack sufficient information to admit or deny the allegations in paragraph 1 of the Complaint, and on that basis deny such allegations.

2.     Defendants admit the allegations in paragraph 2 of the Complaint.

3.     Defendants admit the allegations in paragraph 3 of the Complaint.

### B.     Jurisdiction and Venue

4.     Defendants admit that subject matter jurisdiction is proper.  Defendants deny that they have committed any acts of patent infringement and deny that Plaintiff is entitled to any relief sought through this action.  Except as expressly admitted herein, Defendants deny the allegations of paragraph 4 of the Complaint.

5.     Defendants admit that subject matter jurisdiction is proper.  Defendants deny that they have committed any of the alleged violations of Arizona state law and deny that Plaintiff is entitled to any relief sought through this action.  Except as expressly admitted herein, Defendants deny the allegations of paragraph 5 of the Complaint.

6.     Defendants admit that their corporate headquarters are located in Maricopa, Arizona, that Truyo is an Arizona corporation, and that the Court has personal jurisdiction over Defendants for purposes of this action.  Except as expressly admitted herein, Defendants deny the allegations of paragraph 6 of the Complaint.

7.     Defendants admit that the Court has personal jurisdiction over Defendants for purposes of this action.  Defendants deny that they have committed any acts of patent infringement within Arizona or elsewhere.  Except as expressly admitted herein,

---

[1]   Defendants have adopted the headings from the Complaint for purposes of clarity, but expressly deny any allegations expressed or implied in the headings.

Rutan & Tucker, LLP
attorneys at law

2945/034192-0018
17563026.4 a06/03/22

-2-

ANSWER TO COMPLAINT, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIM

Defendants deny the allegations of paragraph 7 of the Complaint.

8.      Defendants admit that venue is proper.  Defendants deny that they have committed any acts of patent infringement within this judicial district or elsewhere. Except as expressly admitted herein, Defendants deny the allegations of paragraph 8 of the Complaint.

## C.      Consumer Privacy Regulations – GDPR and CCPA

9.      The allegations in paragraph 9 state legal conclusion to which no response is necessary.  To the extent a response is required, Defendants lack sufficient information to admit or deny the allegations in paragraph 9 of the Complaint, and on that basis deny such allegations.

10.     The allegations in paragraph 10 state legal conclusion to which no response is necessary.  To the extent a response is required, Defendants lack sufficient information to admit or deny the allegations in paragraph 10 of the Complaint, and on that basis deny such allegations.

11.     The allegations in paragraph 11 state legal conclusion to which no response is necessary.  To the extent a response is required, Defendants lack sufficient information to admit or deny the allegations in paragraph 11 of the Complaint, and on that basis deny such allegations.

12.     The allegations in paragraph 12 state legal conclusion to which no response is necessary.  To the extent a response is required, Defendants lack sufficient information to admit or deny the allegations in paragraph 12 of the Complaint, and on that basis deny such allegations.

13.     The allegations in paragraph 13 state legal conclusion to which no response is necessary.  To the extent a response is required, Defendants lack sufficient information to admit or deny the allegations in paragraph 13 of the Complaint, and on that basis deny such allegations.

14.     The allegations in paragraph 14 state legal conclusion to which no response is necessary.  To the extent a response is required, Defendants lack sufficient information

Rutan & Tucker, LLP
attorneys at law

2945/034192-0018
17563026.4 a06/03/22

-3-

ANSWER TO COMPLAINT, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIM

1   to admit or deny the allegations in paragraph 14 of the Complaint, and on that basis deny
2   such allegations.

3       **D.    The Technology**

4       15.     Defendants lack sufficient information to admit or deny the allegations in
5   paragraph 15 of the Complaint, and on that basis deny such allegations.

6       16.     Defendants lack sufficient information to admit or deny the allegations in
7   paragraph 16 of the Complaint, and on that basis deny such allegations.

8       17.     Defendants lack sufficient information to admit or deny the allegations in
9   paragraph 17 of the Complaint, and on that basis deny such allegations.

10      18.     Defendants lack sufficient information to admit or deny the allegations in
11  paragraph 18 of the Complaint, and on that basis deny such allegations.

12      19.     Defendants lack sufficient information to admit or deny the allegations in
13  paragraph 19 of the Complaint, and on that basis deny such allegations.

14      20.     Defendants admit that public records maintained by the United States Patent
15  and Trademark Office ("USPTO") show that U.S. Patent Application Serial No.
16  15/934,720 was filed on March 23, 2018, was issued as U.S. Patent No. 10,304,062 on
17  May 28, 2019, and was assigned to Plaintiff. Defendants further admit that public records
18  maintained by the USPTO show that U.S. Patent Application Serial No. 16/372,741 was
19  filed on April 2, 2019, was issued as U.S. Patent No. 10,628,833 on April 21, 2020, and
20  was assigned to Plaintiff. Except as expressly admitted herein, Defendants deny the
21  allegations of paragraph 20 of the Complaint.

22      21.     Defendants lack sufficient information to admit or deny the allegations in
23  paragraph 21 of the Complaint, and on that basis deny such allegations.

24      22.     Defendants lack sufficient information to admit or deny the allegations in
25  paragraph 22 of the Complaint, and on that basis deny such allegations.

26      23.     Defendants lack sufficient information to admit or deny the allegations in
27  paragraph 23 of the Complaint, and on that basis deny such allegations.

28      24.     Defendants lack sufficient information to admit or deny the allegations in

paragraph 24 of the Complaint, and on that basis deny such allegations.

25.     Defendants deny the allegations of paragraph 25 of the Complaint.

**E.     IntraEdge**

26.     Defendants lack sufficient information to admit or deny the allegations in paragraph 26 of the Complaint, and on that basis deny such allegations.

27.     Defendants lack sufficient information to admit or deny the allegations in paragraph 27 of the Complaint, and on that basis deny such allegations.

28.     Defendants lack sufficient information to admit or deny the allegations in paragraph 28 of the Complaint, and on that basis deny such allegations.

29.     Defendants admit the existence of a nondisclosure agreement between IntraEdge and Plaintiff, which Hines executed on Plaintiff's behalf.  Except as expressly admitted herein, Defendants deny the allegations of paragraph 29 of the Complaint.

30.     Defendants admit the existence of a term sheet between IntraEdge and Plaintiff, which Hines executed on Plaintiff's behalf on September 18, 2017.  Defendants deny that IntraEdge ever had concrete plans to license the technology.  Except as expressly admitted herein, Defendants deny the allegations of paragraph 30 of the Complaint.

31.     Defendants deny that they ever made the purported promises identified in paragraph 31 of the Complaint because such promises are quoted from the parties' term sheet, which constitutes an agreement to negotiate that expired within ninety days. Specifically, the Complaint quotes from obligations that the parties contemplated including in a licensing agreement, yet no such agreement ever materialized.  Defendants deny the remaining allegations of paragraph 31 of the Complaint.

32.     Defendants deny that they ever made the purported promises identified in paragraph 32 of the Complaint because such promises are quoted from the parties' term sheet, which constitutes an agreement to negotiate that expired within ninety days. Specifically, the Complaint quotes from obligations that the parties contemplated including in a licensing agreement, yet no such agreement ever materialized.  Defendants deny the remaining allegations of paragraph 32 of the Complaint.

1    33.    Defendants deny the allegations of paragraph 33 of the Complaint.

2    34.    Defendants admit that the project that led to the development of the

3 technology claimed by Plaintiff was a joint venture with Intel, but deny that Hines played

4 any pivotal role in prompting Intel's involvement.  Except as expressly admitted herein,

5 Defendants deny the allegations of paragraph 34 of the Complaint.

6    35.    Defendants admit that IntraEdge paid Hines, but deny that such payments

7 were issued in exchange for commercialization of Hines' purported technology.  Rather,

8 Hines briefly worked for IntraEdge as a sales consultant.  Except as expressly admitted

9 herein, Defendants deny the allegations of paragraph 35 of the Complaint.

10    36.    Defendants admit that Hines offered some assistance in developing the

11 invention that is claimed in Plaintiff's patents, but such invention was developed primarily

12 by other IntraEdge employees, with the assistance of some Intel employees.  Defendants

13 deny any implication that Hines' contributions were substantial.  Except as expressly

14 admitted herein, Defendants deny the allegations of paragraph 36 of the Complaint.

15    37.    Defendants admit that Hines worked as a sales consultant for IntraEdge.

16 Defendants lack sufficient information to admit or deny the remaining allegations in

17 paragraph 37 of the Complaint, because the purported material to which Plaintiff refers is

18 unspecified and has not been produced to Defendants, and on that basis deny such

19 allegations.

20    38.    Defendants lack sufficient information to admit or deny the allegations in

21 paragraph 38 of the Complaint, and on that basis deny such allegations.

22    39.    Defendants lack sufficient information to admit or deny the allegations in

23 paragraph 39 of the Complaint, and on that basis deny such allegations.

24    40.    Defendants deny the allegations of paragraph 40 of the Complaint.

25    41.    Defendants deny the allegations of paragraph 41 of the Complaint.

26    **F.    Truyo**

27    42.    Defendants admit that Truyo incorporated in January of 2019.  Defendants

28 deny that Truyo incorporated to exploit Plaintiff's purported technology.  Except as

1  expressly admitted herein, Defendants deny the allegations of paragraph 42 of the
2  Complaint.

3      43.    Defendants deny the allegations of paragraph 43 of the Complaint.

4      44.    Defendants deny the allegations of paragraph 44 of the Complaint.

5      45.    Defendants admit the allegations of paragraph 45 of the Complaint.

6      46.    Defendants admit that the most recent Annual Report filed for each
7  Defendant lists Kailash Somani as a "Director." Except as expressly admitted herein,
8  Defendants deny the allegations of paragraph 46 of the Complaint.

9      47.    Defendants admit that the most recent Annual Report filed for each
10  Defendant lists the following address as a place of business: 5660 W Chandler Blvd Suite
11  1, Chandler, AZ 85226. Except as expressly admitted herein, Defendants deny the
12  allegations of paragraph 47 of the Complaint.

13      48.    Defendants admit that neither the term sheet nor the nondisclosure agreement
14  were amended. Except as expressly admitted herein, Defendants deny the allegations of
15  paragraph 48 of the Complaint.

16      49.    Defendants deny the allegations of paragraph 49 of the Complaint.

17      50.    Defendants deny the allegations of paragraph 50 of the Complaint.

18      51.    Defendants deny the allegations of paragraph 51 of the Complaint.

19  **G.**    **Notice**

20      52.    Defendants admit that Plaintiff purports to own the asserted patents, but deny
21  that the Truyo product embodies the technology claimed in those patents. Defendants
22  admit having received a letter from Plaintiff on June 24, 2020, but Defendants deny that
23  Plaintiff's June 24, 2020 letter constitutes adequate notice of infringement because it
24  violates the Arizona Patent Troll Prevention Act (as do the subsequent correspondence sent
25  on behalf of Plaintiff and Hines). Except as expressly admitted herein, Defendants deny
26  the allegations of paragraph 52 of the Complaint.

27  **H.**    **The Clarke/Mueller Theory**

28      53.    Defendants admit that they have asserted that Hines is not the inventor of

Rutan & Tucker, LLP
*attorneys at law*

2945/034192-0018
17563026.4 a06/03/22

-7-

ANSWER TO COMPLAINT, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIM

any technology sold by Truyo.   Except as expressly admitted herein, Defendants deny the allegations of paragraph 53 of the Complaint.

54.     Defendants lack sufficient information to admit or deny the allegations in paragraph 54 of the Complaint with regard to Robert Alpert's purported testimony, and on that basis deny such allegations.  Defendants deny the remaining allegations of paragraph 54 of the Complaint.

55.     Defendants lack sufficient information to admit or deny the allegations in paragraph 55 of the Complaint, because Plaintiff has not provided Defendants with the purported writings alleged, and on that basis deny such allegations.

56.     Defendants deny the allegations of paragraph 56 of the Complaint.

**I.     Brief Infringement Summary**

57.     Defendants admit that they have asserted that the technology sold by Truyo differs from that claimed by Plaintiff.  Except as expressly admitted herein, Defendants deny the allegations of paragraph 57 of the Complaint.

58.     Defendants lack sufficient information to admit or deny the allegations in paragraph 58 of the Complaint, because Plaintiff has failed to provide Defendants with any alleged data, reports, or claim charts, and on that basis deny such allegations.  Defendants further deny that Plaintiff has provided Defendants with any fair notice regarding its infringement contentions.

59.     Defendants assert that the '062 Patent and '833 Patent speak for themselves and that the allegations concerning what the '062 Patent and '833 Patent allegedly claim require no further response.  To the extent that a response is required, Defendants deny that Plaintiff's patents are valid/enforceable and further deny that the patents disclose or claim any novel and non-obvious approach for compliance with data regulations.  Defendants further deny that Defendants infringe either of Plaintiff's patents.  Except as expressly admitted herein, Defendants deny the allegations of paragraph 59 of the Complaint.

60.     Defendants assert that the '062 Patent and '833 Patent speak for themselves and that the allegations concerning what the '062 Patent and '833 Patent allegedly claim

Rutan & Tucker, LLP
attorneys at law

2945/034192-0018
17563026.4 a06/03/22

-8-

ANSWER TO COMPLAINT, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIM

require no further response. To the extent that a response is required, Defendants deny that Plaintiff's patents are valid/enforceable and further deny that the patents disclose or claim any novel and non-obvious approach for compliance with data regulations. Defendants further deny that Defendants infringe either of Plaintiff's patents. Except as expressly admitted herein, Defendants deny the allegations of paragraph 60 of the Complaint.

61.    Defendants assert that the '062 Patent and '833 Patent speak for themselves and that the allegations concerning what the '062 Patent and '833 Patent allegedly claim require no further response. To the extent that a response is required, Defendants deny that Plaintiff's patents are valid/enforceable and further deny that the patents disclose or claim any novel and non-obvious approach for compliance with data regulations. Defendants further deny that Defendants infringe either of Plaintiff's patents. Except as expressly admitted herein, Defendants deny the allegations of paragraph 61 of the Complaint.

62.    Defendants assert that the '062 Patent and '833 Patent speak for themselves and that the allegations concerning what the '062 Patent and '833 Patent allegedly claim require no further response. To the extent that a response is required, Defendants deny that Plaintiff's patents are valid/enforceable and further deny that the patents disclose or claim any novel and non-obvious approach for compliance with data regulations. Defendants further deny that Defendants infringe either of Plaintiff's patents. Except as expressly admitted herein, Defendants deny the allegations of paragraph 62 of the Complaint.

63.    Defendants assert that the '062 Patent and '833 Patent speak for themselves and that the allegations concerning what the '062 Patent and '833 Patent allegedly claim require no further response. To the extent that a response is required, Defendants deny that Plaintiff's patents are valid/enforceable and further deny that the patents disclose or claim any novel and non-obvious approach for compliance with data regulations. Defendants further deny that Defendants infringe either of Plaintiff's patents. Except as expressly admitted herein, Defendants deny the allegations of paragraph 63 of the Complaint.

64.    Defendants assert that the '062 Patent and '833 Patent speak for themselves and that the allegations concerning what the '062 Patent and '833 Patent allegedly claim

Rutan & Tucker, LLP
attorneys at law

2945/034192-0018
17563026.4 a06/03/22
-9-
ANSWER TO COMPLAINT, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIM

require no further response. To the extent that a response is required, Defendants deny that Plaintiff's patents are valid/enforceable and further deny that the patents disclose or claim any novel and non-obvious approach for compliance with data regulations. Defendants further deny that Defendants infringe either of Plaintiff's patents. Except as expressly admitted herein, Defendants deny the allegations of paragraph 64 of the Complaint.

65. Defendants deny that this allegation accurately characterizes Truyo's products and further deny that Defendants infringe either of Plaintiff's patents. Defendants deny the remaining allegations of paragraph 65 of the Complaint.

66. Defendants assert that the '062 Patent and '833 Patent speak for themselves and that the allegations concerning what the '062 Patent and '833 Patent allegedly claim require no further response. To the extent that a response is required, Defendants deny that Plaintiff's patents are valid/enforceable and further deny that the patents disclose or claim any novel and non-obvious approach for compliance with data regulations. Defendants further deny that Defendants infringe either of Plaintiff's patents. Except as expressly admitted herein, Defendants deny the allegations of paragraph 66 of the Complaint.

67. Defendants deny that this allegation accurately characterizes Truyo's products and further deny that Defendants infringe either of Plaintiff's patents. Defendants deny the remaining allegations of paragraph 67 of the Complaint.

68. Defendants assert that the '062 Patent and '833 Patent speak for themselves and that the allegations concerning what the '062 Patent and '833 Patent allegedly claim require no further response. To the extent that a response is required, Defendants deny that Plaintiff's patents are valid/enforceable and further deny that the patents disclose or claim any novel and non-obvious approach for compliance with data regulations. Defendants further deny that Defendants infringe either of Plaintiff's patents. Except as expressly admitted herein, Defendants deny the allegations of paragraph 68 of the Complaint.

69. Defendants assert that the '062 Patent and '833 Patent speak for themselves and that the allegations concerning what the '062 Patent and '833 Patent allegedly claim require no further response. To the extent that a response is required, Defendants deny that

Rutan & Tucker, LLP
attorneys at law

2945/034192-0018
17563026.4 a06/03/22

-10-

ANSWER TO COMPLAINT, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIM

Plaintiff's patents are valid/enforceable and further deny that the patents disclose or claim any novel and non-obvious approach for compliance with data regulations. Defendants further deny that Defendants infringe either of Plaintiff's patents. Except as expressly admitted herein, Defendants deny the allegations of paragraph 69 of the Complaint.

70. Defendants assert that the '062 Patent and '833 Patent speak for themselves and that the allegations concerning what the '062 Patent and '833 Patent allegedly claim require no further response. To the extent that a response is required, Defendants deny that Plaintiff's patents are valid/enforceable and further deny that the patents disclose or claim any novel and non-obvious approach for compliance with data regulations. Defendants further deny that Defendants infringe either of Plaintiff's patents. Except as expressly admitted herein, Defendants deny the allegations of paragraph 70 of the Complaint.

71. Defendants assert that the '062 Patent and '833 Patent speak for themselves and that the allegations concerning what the '062 Patent and '833 Patent allegedly claim require no further response. To the extent that a response is required, Defendants deny that Plaintiff's patents are valid/enforceable and further deny that the patents disclose or claim any novel and non-obvious approach for compliance with data regulations. Defendants further deny that Defendants infringe either of Plaintiff's patents. Except as expressly admitted herein, Defendants deny the allegations of paragraph 71 of the Complaint.

72. Defendants assert that the '062 Patent and '833 Patent speak for themselves and that the allegations concerning what the '062 Patent and '833 Patent allegedly claim require no further response. To the extent that a response is required, Defendants deny that Plaintiff's patents are valid/enforceable and further deny that the patents disclose or claim any novel and non-obvious approach for compliance with data regulations. Defendants further deny that Defendants infringe either of Plaintiff's patents. Except as expressly admitted herein, Defendants deny the allegations of paragraph 72 of the Complaint.

73. Defendants assert that the '062 Patent and '833 Patent speak for themselves and that the allegations concerning what the '062 Patent and '833 Patent allegedly claim require no further response. To the extent that a response is required, Defendants deny that

Rutan & Tucker, LLP
attorneys at law

2945/034192-0018
17563026.4 a06/03/22
-11-
ANSWER TO COMPLAINT, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIM

Plaintiff's patents are valid/enforceable and further deny that the patents disclose or claim any novel and non-obvious approach for compliance with data regulations. Defendants further deny that Defendants infringe either of Plaintiff's patents. Except as expressly admitted herein, Defendants deny the allegations of paragraph 73 of the Complaint.

74. Defendants assert that the '062 Patent and '833 Patent speak for themselves and that the allegations concerning what the '062 Patent and '833 Patent allegedly claim require no further response. To the extent that a response is required, Defendants deny that Plaintiff's patents are valid/enforceable and further deny that the patents disclose or claim any novel and non-obvious approach for compliance with data regulations. Defendants further deny that Defendants infringe either of Plaintiff's patents. Except as expressly admitted herein, Defendants deny the allegations of paragraph 74 of the Complaint.

75. Defendants deny the allegations of paragraph 75 of the Complaint.

76. Defendants deny the allegations of paragraph 76 of the Complaint.

77. Defendants deny the allegations of paragraph 77 of the Complaint.

78. Defendants deny the allegations of paragraph 78 of the Complaint.

79. Defendants deny the allegations of paragraph 79 of the Complaint.

**J. Willfulness**

80. Defendants deny the allegations of paragraph 80 of the Complaint.

**First Cause of Action**

**Infringement of the '062 Patent**

81. Defendants repeat and reallege their answers to paragraphs 1 through 80 of the Complaint.

82. Defendants deny the allegations of paragraph 82 of the Complaint.

83. Defendants deny the allegations of paragraph 83 of the Complaint.

84. Defendants deny the allegations of paragraph 84 of the Complaint.

85. Defendants deny the allegations of paragraph 85 of the Complaint.

86. Defendants deny the allegations of paragraph 86 of the Complaint.

87. Defendants deny the allegations of paragraph 87 of the Complaint.

Rutan & Tucker, LLP
attorneys at law

2945/034192-0018
17563026.4 a06/03/22

-12-

ANSWER TO COMPLAINT, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIM

88.     Defendants deny the allegations of paragraph 88 of the Complaint.

## Second Cause of Action

## Infringement of the '833 Patent

89.     Defendants repeat and reallege their answers to Paragraphs 1 through 88 of the Complaint.

90.     Defendants deny the allegations of paragraph 90 of the Complaint.

91.     Defendants deny the allegations of paragraph 91 of the Complaint.

92.     Defendants deny the allegations of paragraph 92 of the Complaint.

93.     Defendants deny the allegations of paragraph 93 of the Complaint.

94.     Defendants deny the allegations of paragraph 94 of the Complaint.

95.     Defendants deny the allegations of paragraph 95 of the Complaint.

96.     Defendants deny the allegations of paragraph 96 of the Complaint.

## Third Cause of Action

## Aiding and Abetting

97.     Defendants repeat and reallege their answers to Paragraphs 1 through 96 of the Complaint.

98.     Defendants deny the allegations of paragraph 98 of the Complaint.

99.     Defendants deny the allegations of paragraph 99 of the Complaint.

100.    Defendants deny the allegations of paragraph 100 of the Complaint.

101.    Defendants deny the allegations of paragraph 101 of the Complaint.

102.    Defendants deny the allegations of paragraph 102 of the Complaint.

103.    Defendants deny the allegations of paragraph 103 of the Complaint.

104.    Defendants deny the allegations of paragraph 104 of the Complaint.

## Fourth Cause of Action

## Promissory Estoppel (Intraedge Only)

105.    Defendants repeat and reallege their answers to Paragraphs 1 through 104 of the Complaint.

106.    Defendants deny the allegations of paragraph 106 of the Complaint.

1     107.    Defendants deny the allegations of paragraph 107 of the Complaint.

2     108.    Defendants deny the allegations of paragraph 108 of the Complaint.

3     109.    Defendants deny the allegations of paragraph 109 of the Complaint.

4             **<u>ANSWER TO PLAINTIFF'S PRAYER FOR RELIEF</u>**

5     110.    In response to Plaintiff's Prayer for Relief, Defendants deny each and every

6 allegation contained therein, and further deny that Plaintiff is entitled to the relief

7 requested, or any relief in any amount, from Defendants. Defendants request that this

8 Court enter its judgment dismissing Plaintiff's Complaint, and all claims or causes of

9 action alleged therein with prejudice and with Plaintiff recovering nothing on account of

10 its Complaint.

11                         **<u>AFFIRMATIVE DEFENSES</u>**

12        For their separate and independent affirmative defenses in this action, and without

13 conceding that it bears the burden of proof or persuasion as to any of these defenses,

14 Defendants allege the following defenses. Defendants expressly reserve the right to amend

15 its Answer to the Complaint and Affirmative and Other Defenses, as additional

16 information becomes available, is otherwise discovered, and/or as permitted within the

17 time frame envisioned by any future case management and discovery orders and/or as

18 leave may be granted by the Court, and to introduce any of the following defenses, other

19 defenses, and other counterclaims, that may arise.

20                    **<u>FIRST AFFIRMATIVE DEFENSE</u>**

21                       **(Failure to State a Claim)**

22     1.      Plaintiff has failed to state a claim upon which relief can be granted.

23                  **<u>SECOND AFFIRMATIVE DEFENSE</u>**

24                **(Waiver, Laches, Acquiescence)**

25     2.      On information and belief, Plaintiff's claims are barred, in whole or in part,

26 by the doctrines of waiver, laches, or acquiescence.

27

28

Rutan & Tucker, LLP
attorneys at law

2945/034192-0018
17563026.4 a06/03/22

-14-

ANSWER TO COMPLAINT, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIM

# THIRD AFFIRMATIVE DEFENSE

## (Non-Infringement)

3.     Defendants do not infringe and have not infringed any valid and enforceable claim of the patents asserted in this action, either directly or indirectly, or literally or under the doctrine of equivalents.

# FOURTH AFFIRMATIVE DEFENSE

## (Invalidity of the Patents-in-Suit)

4.     The Patents-in-Suit are invalid for failure to comply with the requirements of the patent laws of the United States, 35 U.S.C. § 100, *et seq*., including, but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 116, and any judicial doctrine of invalidity, as well as others bases hereinafter which Defendants discover or otherwise become informed.

5.     By way of example, and without limitation, the Patents-in-Suit are invalid under 35 U.S.C. § 101 because they are each directed to a patent-ineligible abstract idea and simply recite the use of generic computer components which fail to add "an inventive concept" sufficient to warrant patent protection. *Alice Corp. Pty Ltd. v. CLS Bank Intern.*, 573 U.S. 208, 220-21 (2014).

6.     By way of further example, and without limitation, the Patents-in-Suit are invalid under 35 U.S.C. §§ 102 and/or 103 in view of at least U.S. Patent No. 10,572,684 to LaFever, *et al*.; U.S. Patent No. 10,425,428 to Krishnamurthy; U.S. Patent No. 10,756,883 to Brehmer, *et al*.; and Intl. Pub. No. WO2019/086553 to Guilaume, *et al*. Each of these prior art references, whether considered alone or in combination, anticipate and/or render obvious all claims as referenced in the Patents-in-Suit.

7.     By way of further example, and without limitation, the Patents-in-Suit are invalid for failure to satisfy one or more requirements of 35 U.S.C. § 112, specifically including but not limited to indefiniteness, lack of written description, and lack of enablement.

//

Rutan & Tucker, LLP
attorneys at law

2945/034192-0018
17563026.4 a06/03/22

-15-

ANSWER TO COMPLAINT, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIM

## FIFTH AFFIRMATIVE DEFENSE

### (Inequitable Conduct)

8.      On information and belief, the patents asserted in this action are unenforceable due to Plaintiff's inequitable conduct, including the violation of the duty of candor.  Upon information and belief, by reason of the proceedings in the USPTO during the prosecution of the application that matured into the asserted patents, including during the prosecutions of applications related to the asserted patents, and, in particular, the applicants' and/or his representative(s)' and/or agents' remarks, representations, concessions, amendments, and/or admissions during those proceedings, including, but not limited to, the filing of the inventor's oath, Plaintiff is precluded and estopped from asserting that Defendants have infringed any claim of the asserted patents.

9.      For example, and upon information and belief, without informing IntraEdge, yet while still consulting with IntraEdge, Hines applied to obtain the Patents-in-Suit by combining together technology developed by other employees at IntraEdge/Intel and submitting it to the USPTO as his own.  Hines submitted U.S. Application Serial No. 15/934,720 on March 23, 2018 (which issued as the '062 Pa-tent), and U.S. Application Serial No. 16/372,741 on April 2, 2019 (which issued as the '833 Patent).

10.      Hines was aware that he was not the sole inventor of the technology claimed in the Patents-in-Suit, but he concealed this information from the USPTO during examination, in violation of his duty of candor.  Instead, upon information and belief, the invention that is claimed in the Patents-in-Suit was developed primarily by IntraEdge employees Peter Mueller and others, with some assistance from Hines.

11.      For example, IntraEdge produced a Proof of Concept document that included a diagram of the proposed solution, which was created solely by Mueller.  Nevertheless, Hines copied Mueller's diagram as a figure in submitting both applications for the Patents-in-Suit, as shown below:

//

//



**Diagram Comparison**

June 8, 2017 IntraEdge Diagram

Figure from the Applications for the Patents-in-Suit

Rutan & Tucker, LLP
attorneys at law

2945/034192-0018
17563026.4 a06/03/22

-17-

ANSWER TO COMPLAINT, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIM

12.     In the IntaEdge diagram created by Mueller, the orange sections were to be developed by IntraEdge, and the blue sections represent components to be provided by Intel.  Hines' Figure departs from the IntraEdge diagram in several critical ways, which demonstrate his deliberate withholding of material information from the USPTO:

a.     The "Intel Retail Gateway" in the IntraEdge diagram was altered in the filed Figure such that "Intel" was no longer disclosed.

b.     The colors and legend showing how the joint development would proceed with Intel was removed from Hines's Figure before filing with the USPTO.  More specifically, the original diagram's legend literally says "Joint Development" and color codes that in orange.  Indeed, the vast majority of the diagram is orange.  The submitted figure was conveniently wiped clean of this reference.

13.     Hines thus knowingly concealed from the USPTO that he was not the sole inventor of the technology claimed in the Patents-in-Suit.

## SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

14.     On information and belief, Plaintiff is wholly or partially barred from the relief it seeks by reason of its unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

15.     Plaintiff is estopped and barred from asserting its allegations of infringement under the doctrine of equivalents as the elements and limitations of the asserted claims are subject to prosecution history estoppel based upon the alleged inventor's and applicant's statements, arguments, and positions taken, and amendments made, during the prosecution of the Patents-in-Suit.  Further, the alleged inventor and applicant: (a) narrowed the scope of the asserted claims in order to allegedly make the claims allowable in order to meet statutory requirements; (b) voluntarily amended and narrowed the scope of the asserted claims in order to attempt to meet and satisfy statutory requirements; (c) surrendered the

Rutan & Tucker, LLP
attorneys at law

2945/034192-0018
17563026.4 a06/03/22                    -18-

ANSWER TO COMPLAINT, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIM

scope of the claims; (d) knew, and it was foreseeable, at the time of the alleged invention of the Patents-in-Suit of alternative scopes of the claims and limitations; and/or (e) have no reason as to why he could not have recited any alleged equivalents in the claims.

16.     Similarly, by reason of prosecution history disclaimer, Plaintiff is barred from asserting a claim construction that would cause any of the claims of the Patents-in-Suit to be infringed by any products or services made, used, offered for sale, or sold by Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

### (No Willful Infringement)

17.     Plaintiff is barred from seeking enhanced damages because, to the extent any patent infringement occurred (which Defendants deny), Defendants did not have sufficient knowledge of that infringement and their conduct was reasonable and not egregious, such that enhanced damages are not warranted under 35 U.S.C. § 284.

## NINTH AFFIRMATIVE DEFENSE

### (Co-Ownership)

18.     On information and belief, Plaintiff is barred from recovering any alleged damages or asserting that Defendants infringe its patents by reason of Defendants' co-ownership and/or co-inventorship of Plaintiff's patents.

## TENTH AFFIRMATIVE DEFENSE

### (Patent Misuse)

19.     On information and belief, Plaintiff is wholly or partially barred from the relief it seeks by reason of its patent misuse.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Indirect Infringement)

20.     Any claims for indirect infringement are barred, in whole or in part, because there is no direct infringement.  To the extent that Plaintiff asserts that Defendants are found, *arguendo*, to indirectly infringe any claim(s) of the asserted patents, either by contributory infringement or inducement of infringement, Defendants are not liable to

Rutan & Tucker, LLP
attorneys at law

2945/034192-0018
17563026.4 a06/03/22
-19-
ANSWER TO COMPLAINT, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIM

1 Plaintiff for the acts alleged to have been performed before Defendants knew that the

2 actions would allegedly cause indirect infringement.

3 **TWELFTH AFFIRMATIVE DEFENSE**

4 **(License)**

5 21. On information and belief, Plaintiff is wholly or partially barred from the

6 relief it seeks by reason of its actual and/or implied license.

7 **THIRTEENTH AFFIRMATIVE DEFENSE**

8 **(No Direct Infringement)**

9 22. Plaintiff has not pled direct infringement by any one actor. To the extent that

10 Plaintiff asserts that Defendants jointly infringe any asserted claim(s) as a result of

11 Defendants' alleged actions with any third-party, including, for example, any customer(s)

12 or vendor(s) (which Defendants deny), Defendants are not liable to Plaintiff for the acts

13 alleged to have been performed where Defendants do not direct or control the third-party

14 and where Defendants and the third-party do not form a joint enterprise.

15 **FOURTEENTH AFFIRMATIVE DEFENSE**

16 **(Ensnarement)**

17 23. To the extent that Plaintiff claims infringement under the Doctrine of

18 Equivalents, Plaintiff's claims are barred under the Ensnarement Doctrine, which prohibits

19 Plaintiff from asserting an infringement theory under the Doctrine of Equivalents that

20 encompasses, or "ensnares," the prior art.

21 **Reservation of Right to Assert Additional Defenses**

22 24. Defendants have not knowingly or voluntarily waived any applicable

23 affirmative defense, and reserve the right to assert and rely upon such other applicable

24 affirmative defenses as may be become available or apparent during discovery and

25 investigation. Defendants expressly reserve all affirmative defenses available under Rule

26 8(c) of the Federal Rules of Civil Procedure and/or the Patent Laws of the United States,

27 and any other defenses, at law or in equity, that may now exist or in the future be available

28 based on discovery and further factual investigation in this case.

Rutan & Tucker, LLP
attorneys at law

2945/034192-0018
17563026.4 a06/03/22
-20-
ANSWER TO COMPLAINT, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIM

**COUNTERCLAIM**

Defendants/Counterclaimants IntraEdge Incorporated ("IntraEdge) and Truyo Incorporated ("Truyo"; together with IntraEdge, "Counterclaimants"), as for its Counterclaim against Plaintiff/Counterclaim Defendant TD Professional Services ("TD") and Counterclaim Defendant Scott Hines ("Hines"; together with TD, "Counterclaim Defendants"), allege and state as follows:

**I.    Nature of the Counterclaim**

1.    This is an action to declare each and every claim of U.S. Patent No. 10,628,833 (the "'833 Patent") and No. 10,304,062 (the "'062 Patent"; together, the "Patents-in-Suit") invalid, unenforceable, and not infringed by Counterclaimants.

2.    By filing its Complaint, TD has asserted claims against Counterclaimants for alleged infringement of the Patents-in-Suit.  However, Counterclaimants have not infringed, directly or indirectly, any valid claim of the Patents-in-Suit.  Thus, an actual controversy has arisen between the Parties.

3.    Before filing the Complaint, TD's sole owner, Hines, directed different attorneys to send bad faith cease-and-desist letters to IntraEdge, which demanded that IntraEdge pay past royalties and future licensing fees for its purported infringement of the Patents-in-Suit, without any adequate investigation or supporting analysis.  Counterclaim Defendants are patent trolls who have attempted to extort payment from Counterclaimants and, when their demands have been rebuffed, initiated frivolous (yet costly) litigation.

4.    This counterclaim arises under the patent laws of the United States, 35 U.S.C. §1 *et seq.,* the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, and the Arizona Patent Troll Prevention Act, A.R.S. § 44-1421 *et seq.*

**II.    Jurisdiction and Venue**

5.    This Court has subject matter jurisdiction over the Counterclaim under 28 U.S.C. §§ 1331, 1338, 2201, and 2202, at least to the extent that the Court has subject matter jurisdiction over the original Complaint.

6.    This Court has supplemental jurisdiction over the subject matter of the

Rutan & Tucker, LLP
attorneys at law

2945/034192-0018
17563026.4 a06/03/22                                   -21-

ANSWER TO COMPLAINT, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIM

counterclaims for Counterclaim Defendants' violation of Arizona Patent Troll Prevention Act, A.R.S. § 44-1421 *et seq.* pursuant to 28 U.S.C. § 1367.

7.     To the extent the Court determines venue is appropriate for Counterclaim Defendants' claims, venue for this Counterclaim is also appropriate under 28 U.S.C. § 1391 because the Counterclaims herein arise out of and are directly related to the same subject matter of Counterclaim Defendants' Complaint.

8.     TD has voluntarily consented to the personal jurisdiction of this Court by commencing the above-captioned litigation in this judicial district. TD has personally availed itself of the benefits and protections of this jurisdiction by filing the Complaint in this judicial district.

9.     On information and belief, this Court has personal jurisdiction over Hines because he resides in the forum state.

**III.     The Parties**

10.     On information and belief, TD is an Arizona limited liability company with its principal place of business located at 10927 N Mountain Vista Ct., Fountain Hills, Arizona 85268.

11.     On information and belief, Hines is an individual who resides in Maricopa County, Arizona and who solely owns TD.

12.     IntraEdge is a Delaware corporation with a place of business located in Maricopa County, Arizona.

13.     Truyo is an Arizona corporation with a place of business located in Maricopa County, Arizona.

**IV.     Factual Allegations**

**A.     Background: Hines' Services for IntraEdge**

14.     Hines, the principal of TD, briefly worked for IntraEdge as a sales consultant, during which he was paid approximately $5,000 per month.

15.     Hines began working for IntraEdge in 2017, and IntraEdge issued its final payment to Hines in approximately 2019, at which point their relationship ceased.

Rutan & Tucker, LLP
attorneys at law

2945/034192-0018
17563026.4 a06/03/22
-22-
ANSWER TO COMPLAINT, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIM

16. Hines' short-lived relationship with IntraEdge was fraught with problems, which ultimately led to the end of the relationship.

**B.  Counterclaimants' Retail GDPR Registry Project**

17. Around the time Hines joined IntraEdge, Hines became involved in the development of technology to ensure compliance with General Data Protection Regulations ("GDPR") (the "GDPR Project").  In developing the GDPR Project, Hines worked with numerous other employees from IntraEdge, as well as those from Intel.  Peter Mueller of IntraEdge spearheaded this development.

18. During development of the GDPR Project, it was contemplated that Intel would own the intellectual property and license it back to IntraEdge.  Hines was aware of this arrangement.  For example, Hines was copied on a May 31, 2017 email expressly confirming this contemplated arrangement.

19. Together, Peter Mueller, Daniel Clarke, and Hines created a Proof of Concept for the GDPR Project, circulating some drafts by email in May and June of 2017. The Proof of Concept was a joint effort.  For example, the Proof of Concept included a high-level diagram of the GDPR Project, which was created solely by Mueller, while Clarke and Hines contributed other sections of the Proof of Concept.

20. Hines understood that development of the GDPR Project was a joint effort, as was its embodiment in the Proof of Concept, such that he was not the sole inventor.  In an email sent on May 24, 2017, Hines stated as follows to Clarke: "Here is the latest draft of the proposal to Intel for the POC [Proof of Concept] for the GDPR system.  This includes both Pete's [i.e., Mueller's] initial high level design of the system as well as my edits and additions.  There is one last section that I would like you to contribute.  That is the pricing section.  I thought that since this proposal was coming from Intraedge it would be appropriate for you to complete this section."

21. Ultimately, IntraEdge invested approximately $1 million in developing the GDPR Project.  Nevertheless, the GDPR Project was never viable, and there were never any buyers.  Intel, for example, later expressed hesitation regarding commercialization of

Rutan & Tucker, LLP
attorneys at law

2945/034192-0018
17563026.4 a06/03/22

ANSWER TO COMPLAINT, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIM

the GDPR Project, claiming that the concept embodied in the Project was not original.

22.     As a result, IntraEdge scrapped the initial GDPR project and launched a new project.  Although also focused on GDPR compliance, this new project consisted of entirely new code, lacked the miners and public blockchain recited in TD's Patents-in-Suit and contemplated by the GDPR Project, and did not use markup language as contemplated by the original GDPR Project (the "Truyo Product").

**C.      Without Informing IntraEdge, Hines Obtains the Patents-in-Suit**

23.     Without informing IntraEdge, yet while still consulting with IntraEdge, Hines applied to obtain the Patents-in-Suit by combining together technology developed by other employees at IntraEdge/Intel and submitting it to the USPTO as his own.  Hines submitted U.S. Application Serial No. 15/934,720 on March 23, 2018 (which issued as the '062 Patent), and U.S. Application Serial No. 16/372,741 on April 2, 2019 (which issued as the '833 Patent).

24.     Hines was aware that he was not the sole inventor of the technology claimed in the Patents-in-Suit, but he concealed this information from the USPTO during examination, in violation of his duty of candor.  As noted above, the invention that is claimed in the Patents-in-Suit was developed primarily by IntraEdge employees Peter Mueller and others, with some assistance from Hines.

25.     Also as noted above, IntraEdge's Proof of Concept included a diagram of the proposed solution, which was created solely by Mueller.  Nevertheless, Hines copied Mueller's diagram as a figure in submitting both applications for the Patents-in-Suit, as shown below:

//

//

//

//

//

//

Rutan & Tucker, LLP
attorneys at law

2945/034192-0018
17563026.4 a06/03/22

-24-

ANSWER TO COMPLAINT, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIM



**Diagram Comparison**

June 8, 2017 IntraEdge Diagram

Figure from the Applications for the Patents-in-Suit

Rutan & Tucker, LLP
*attorneys at law*

2945/034192-0018
17563026.4 a06/03/22

-25-

ANSWER TO COMPLAINT, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIM

26. In the IntaEdge diagram created by Mueller, the orange sections were to be developed by IntraEdge, and the blue sections represent components to be provided by Intel. Hines' Figure departs from the IntraEdge diagram in several critical ways, which demonstrate his deliberate withholding of material information from the USPTO:

a. The "Intel Retail Gateway" in the IntraEdge diagram was altered in the filed Figure such that "Intel" was no longer disclosed.

b. The colors and legend showing how the joint development would proceed with Intel was removed from Hines's Figure before filing with the USPTO. More specifically, the original diagram's legend literally says "Joint Development" and color codes that in orange. Indeed, the vast majority of the diagram is orange. The submitted figure was conveniently wiped clean of this reference.

27. Hines thus knowingly concealed from the USPTO that he was not the sole inventor of the technology claimed in the Patents-in-Suit.

28. Furthermore, in obtaining the Patents-in-Suit, Hines needed to go through two rounds of narrowing amendments. As a result, the claims that eventually issued were narrowed so drastically that it is unlikely that anyone anywhere uses a system that meets the limitations of those claims.

29. On May 28, 2019, the '062 Patent issued, and on April 21, 2020, the '833 Patent issued. Hines assigned the Patents-in-Suit to TD.

**D.      Hines Signs Up to Sell the Truyo Product**

30. In early 2019, Hines formed COMPLYUSA, LLC ("Comply"), an Arizona limited liability company with two members: (1) TD; and (2) Grey Stone Enterprise Solutions, Inc., which is owned by Hines' business partner.

31. Upon Hines' request, IntraEdge granted a license to Comply to resell the Truyo Product. Comply sold the Truyo Product with Hines' facilitation. Comply's license to resell the Truyo Product was transferrable, but only with IntraEdge's approval.

32. In June of 2019, after the '062 Patent issued, Hines sought to work for

Rutan & Tucker, LLP
attorneys at law

2945/034192-0018
17563026.4 a06/03/22

Counterclaimants as an employee selling the Truyo Product. On June 3, 2019, for example, Hines sent an email to Clarke of IntraEdge, which stated: "I am offering to license this patent globally and exclusively to IntraEdge/Truyo for its use in consumer data privacy and sell complimentary assets, assets including the ComplyUSA platform and associated income streams. As was envisioned in our original term sheet agreement, I propose that we execute a new agreement for IntraEdge/Truyo to acquire the licensing rights to this patent as well as to acquire the additional assets. As part of this transaction, my partner Ron Frister and I, would be pleased to join IntraEdge/Truyo and participate in maximizing the growth in the value of the Truyo Platform."

33. Because the Truyo Product does not use the technology claimed in the Patents-in Suit, however, IntraEdge declined this proposal. At that point, Comply (and Hines) continued to sell the Truyo Product and made no claims of infringement.

34. A company called UST Global Inc. became interested in obtaining Comply's intellectual property and license rights, and sought to acquire Comply. As a good faith gesture, IntraEdge helped facilitate this acquisition, which has inured to Hines' benefit. On information and belief, this acquisition was completed in the Fall of 2019.

**E. Counterclaim Defendants' Shakedown Efforts**

35. After obtaining the Patents-in-Suit and after UST Global's acquisition of Comply, Counterclaim Defendants began sending a myriad of demand letters to Counterclaimants, accusing Counterclaimants of patent infringement and demanding payment of past royalties and future licensing fees. These letters were wholly devoid of any infringement analysis, however.

36. IntraEdge received a letter on June 24, 2020, sent on behalf of TD and Hines, which enclosed a draft licensing agreement and requested payment of past royalties for use of the Patents-in-Suit in the Truyo Product. The initial letter contained no analysis relating to infringement. On July 7, 2020, IntraEdge responded that it does not use Counterclaim Defendants' claimed technology and does not have interest in a licensing agreement.

37. On July 23, 2020, IntraEdge received a response from Counter Defendants,

Rutan & Tucker, LLP
attorneys at law

2945/034192-0018
17563026.4 a06/03/22

-27-

ANSWER TO COMPLAINT, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIM

which accused IntraEdge of infringing the Patents-in-Suit without any explanation/analysis and demanded payment of royalties. On August 4, 2020, IntraEdge responded by explaining that the Truyo Product does not infringe the Patents-in-Suit. IntraEdge further explained that the '062 Patent presents issues related to invalidity, inequitable conduct, and inventorship because Hines was not the sole inventor. At that point, Hines' demands for payment temporarily ceased.

38.     On July 23, 2021, however, Hines' harassments resumed. IntraEdge received a further letter accusing it of infringement and demanding royalty payments, but this letter was similarly devoid of any infringement analysis or any request for facts relating to how or why the Truyo Product infringed or was covered by the claims in the Patents-in-Suit. On August 11, 2021, IntraEdge responded by stating that its position has not changed, referring Counterclaim Defendants to the positions and requests made in previous correspondence. Counterclaim Defendants responded by filing this lawsuit several months later.

### F.     The Truyo Product Does Not Infringe the Patents-in-Suit

39.     As stated in IntraEdge's letters to Counter Defendants, the Truyo Product does not infringe the Patents-in-Suit under any theory of infringement. In fact, the Truyo Product does not use technology from the GDPR Project, and Counterclaimants have neither pursued nor profited from that GDPR Project.

40.     By way of example, and without limitation, the Truyo Product does not infringe at least because no data collection terminal, such as a point-of-sale hardware device, is utilized within the Truyo Product. Additionally, the Truyo Product does not comprise an automated compliance network appliance, as required by the asserted claims, which the Patents-in-Suit require to include a network interface connection, processor, memory, and local storage.

41.     Similarly, the Truyo Product does not utilize or transmit data to any blockchain miners, as required by the Patents-in-Suit. Moreover, the use of a data lake is also not used within the Truyo Product.

Rutan & Tucker, LLP
attorneys at law

2945/034192-0018
17563026.4 a06/03/22                    -28-

ANSWER TO COMPLAINT, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIM

1     42.    Furthermore, as IntraEdge notified Counter Defendants in response to their

2 multiple demand letters, there are issues with the validity of the Patents-in-Suit,

3 specifically related to invalidity, inequitable conduct (e.g., fraud on the USPTO), and

4 inventorship because Hines was not the sole inventor.

5     43.    The Patents-in-Suit are directed to patent-ineligible subject matter and

6 simply recite the use of generic computer components which fail to add an inventive

7 concept sufficient to warrant patent protection. Furthermore, various prior art references,

8 whether considered alone or in combination, anticipate and/or render obvious all claims as

9 referenced in the Patents-in-Suit.

10     44.    Finally, because Counterclaimants are – at a minimum – co-owners and/or

11 co-inventors of the Patents-in-Suit, and/or the Patents-in-Suit are invalid, unenforceable,

12 and/or not infringed, Counterclaimant cannot be found to infringe those patents.

13 **FIRST COUNTERCLAIM**

14 **(Declaratory Judgment of Non-Infringement of the '833 Patent)**

15     45.    Counterclaimants re-allege and incorporate the paragraphs above as though

16 fully stated herein.

17     46.    An actual and justiciable controversy exists between Counterclaimants and

18 TD as to whether the claims of the '833 Patent are infringed by Counterclaimants.

19     47.    Counterclaimants have not infringed, directly or indirectly, any valid claim

20 of the '833 Patent, either literally or under the doctrine of equivalents.

21     48.    Counterclaimants are entitled to a judgment finding that the '833 Patent is

22 not infringed by Counterclaimants, either literally or under the doctrine of equivalents.

23 **SECOND COUNTERCLAIM**

24 **(Declaratory Judgment of Non-Infringement of the '062 Patent)**

25     49.    Counterclaimants re-allege and incorporate the paragraphs above as though

26 fully stated herein.

27     50.    An actual and justiciable controversy exists between Counterclaimants and

28 TD as to whether the claims of the '062 Patent are infringed by Counterclaimants.

Rutan & Tucker, LLP
attorneys at law

2945/034192-0018
17563026.4 a06/03/22

-29-

ANSWER TO COMPLAINT, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIM

1    51.    Counterclaimants have not infringed, directly or indirectly, any valid claim

2    of the '062 Patent, either literally or under the doctrine of equivalents.

3    52.    Counterclaimants are entitled to a judgment finding that the '062 Patent is

4    not infringed by Counterclaimants, either literally or under the doctrine of equivalents.

5                              **THIRD COUNTERCLAIM**

6              **(Declaratory Judgment of Invalidity of the '833 Patent)**

7    53.    Counterclaimants re-allege and incorporate the paragraphs above as though

8    fully stated herein.

9    54.    The claims of the '833 Patent, including but not necessarily limited to the

10   claims presently asserted against Counterclaimants, are invalid for failure to comply with

11   the conditions of patentability set forth in the patent statutes, including without limitation

12   35 U.S.C. §§ 102, 103, 112, and/or 116.

13   55.    By way of example, and without limitation, the '833 Patent is invalid under

14   35 U.S.C. § 101 because it is directed to patent-ineligible subject matter and simply recites

15   the use of generic computer components which fail to add "an inventive concept"

16   sufficient to warrant patent protection. *Alice Corp. Pty Ltd. v. CLS Bank Intern.*, 573 U.S.

17   208, 220-21 (2014).

18   56.    By way of further example, and without limitation, the Patents-in-Suit are

19   invalid under 35 U.S.C. §§ 102 and/or 103 in view of at least U.S. Patent No. 10,572,684

20   to LaFever, *et al.*; U.S. Patent No. 10,425,428 to Krishnamurthy; U.S. Patent No.

21   10,756,883 to Brehmer, *et al.*; and Intl. Pub. No. WO2019/086553 to Guilaume, *et al*.

22   Each of these prior art references, whether considered alone or in combination, anticipate

23   and/or render obvious all claims as referenced in the Patents-in-Suit.

24   57.    By way of further example, and without limitation, the '833 patent is invalid

25   for failure to satisfy one or more requirements of 35 U.S.C. § 112, specifically including

26   but not limited to indefiniteness, lack of written description, and lack of enablement.

27   58.    Pursuant to the Federal Declaratory Judgment Act, § 2201 *et seq.*,

28   Counterclaimants request a declaration from the Court that all claims of the '833 patent are

invalid for failure to meet the conditions for patentability as specified in at least 35 U.S.C. §§ 101, 102, 103, 112 and/or 116.

## FOURTH COUNTERCLAIM

### (Declaratory Judgment of Invalidity of the '062 Patent)

59.     Counterclaimants re-allege and incorporate the paragraphs above as though fully stated herein.

60.     The claims of the '062 Patent, including but not necessarily limited to the claims presently asserted against Counterclaimants, are invalid for failure to comply with the conditions of patentability set forth in the patent statutes, including without limitation 35 U.S.C. §§ 102, 103, 112, and/or 116.

61.     By way of example, and without limitation, the '062 Patent is invalid under 35 U.S.C. § 101 because it is directed to patent-ineligible subject matter and simply recites the use of generic computer components which fail to add "an inventive concept" sufficient to warrant patent protection. *Alice Corp. Pty Ltd. v. CLS Bank Intern.*, 573 U.S. 208, 220-21 (2014).

62.     By way of further example, and without limitation, the Patents-in-Suit are invalid under 35 U.S.C. §§ 102 and/or 103 in view of at least U.S. Patent No. 10,572,684 to LaFever, *et al.*; U.S. Patent No. 10,425,428 to Krishnamurthy; U.S. Patent No. 10,756,883 to Brehmer, *et al.*; and Intl. Pub. No. WO2019/086553 to Guilaume, *et al.* Each of these prior art references, whether considered alone or in combination, anticipate and/or render obvious all claims as referenced in the Patents-in-Suit.

63.     By way of further example, and without limitation, the '062 patent is invalid for failure to satisfy one or more requirements of 35 U.S.C. § 112, specifically including but not limited to indefiniteness, lack of written description, and lack of enablement.

64.     Pursuant to the Federal Declaratory Judgment Act, § 2201 *et seq.*, Counterclaimants request a declaration from the Court that all claims of the '062 patent are invalid for failure to meet the conditions for patentability as specified in at least 35 U.S.C. §§ 101, 102, 103, 112 and/or 116.

Rutan & Tucker, LLP
*attorneys at law*

2945/034192-0018
17563026.4 a06/03/22

-31-

ANSWER TO COMPLAINT, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIM

## FIFTH COUNTERCLAIM

### (Declaratory Judgment of Unenforceability)

65.     Counterclaimants re-allege and incorporate the paragraphs above as though fully stated herein.

66.     The claims of the Patents-in-Suit are unenforceable based on inequitable conduct, including, upon information and belief, intentional failures to comply with the duty of candor and good faith through material omissions and misrepresentations to the Patent Office.

67.     As a result of the inequitable conduct described above in paragraphs 23 to 27, the Patents-in-Suit are unenforceable, the case is exceptional, and Counterclaimants are entitled to recover their attorneys' fees.

68.     Counterclaimants are informed and believe, and on that basis alleges, that Counterclaim Defendant denies each of the foregoing contentions.  As such, a true, actual and justifiable controversy has arisen and now exists between Counterclaimants and Counterclaim Defendant regarding the alleged validity and enforceability of the Patents-in-Suit.

69.     Counterclaimants request the declaration of the Court that the Patents-in-Suit are invalid and unenforceable.

## SIXTH COUNTERCLAIM

### (Declaratory Judgement of Co-Ownership)

70.     Counterclaimants re-allege and incorporate the paragraphs above as though fully stated herein.

71.     Hines is the named inventor of the Patents-in-Suit.  He and one or more IntraEdge employees contributed to the conception of at least one or more of claims of the Patents-in-Suit, and as such are joint inventor(s) of the Patents-in-Suit.  Thus, Counter Defendants did not invent the entire invention disclosed in the Patents-in-Suit.

72.     Hines applied to obtain the Patents-in-Suit despite knowing that several of the inventions claimed therein were taken from or based on designs and other confidential

Rutan & Tucker, LLP
*attorneys at law*

2945/034192-0018
17563026.4 a06/03/22

-32-

ANSWER TO COMPLAINT, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIM

information owned by IntraEdge, and were therefore, at least, rightly owned or co-owned by IntraEdge. Counter Defendants, however, failed to list at least one employee of IntraEdge as a proper inventor within the patent applications.

73. Because various elements of the claimed invention were developed by Peter Mueller in collaboration with Hines during the period between about March 2017 and November 2017, IntraEdge is at least a co-owner of the Patents-in-Suit, by virtue of the rights it received from, *inter alia*, at least one omitted inventor.

74. Counterclaimants are informed and believe, and on that basis alleges, that Counterclaim Defendant denies each of the foregoing contentions. As such, a true, actual and justifiable controversy has arisen and now exists between Counterclaimants and Counterclaim Defendant regarding ownership of the Patents-in-Suit.

75. Counterclaimants request the declaration of the Court that the Patents-in-Suit are co-owned by IntraEdge and/or at least one IntraEdge employee.

## SEVENTH COUNTERCLAIM

**(Violation of Arizona Patent Troll Prevention Act, Ariz. Rev. Stat. §§ 44-1421–1424, Against TD and Hines)**

76. Counterclaimants re-allege and incorporate the paragraphs above as though fully stated herein.

77. Counterclaim Defendants' multiple demand letters to IntraEdge did not include any facts relating to the specific areas in which the Truyo Product infringes the Patents-in-Suit or is covered by the claims in the Patents-in-Suit, which constitutes bad faith under A.R.S. § 44-1422(A)(1)(c).

78. Before sending their demand letters, on information and belief, Counterclaim Defendants did not perform an adequate investigation. For example, Counterclaim Defendants did not compare the Truyo Product with the Patents-in-Suit. Furthermore, Counterclaim Defendants transmitted their demands despite having reason to know the invalidity and unenforceability of the Patents-in-Suit, for the reasons set forth above. This constitutes bad faith under A.R.S. § 44-1422(A)(1)(c), (A)(3), (A)(5), and (A)(6), etc.

Rutan & Tucker, LLP
attorneys at law

2945/034192-0018
17563026.4 a06/03/22

-33-

ANSWER TO COMPLAINT, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIM

79.     Counterclaimants have been damaged by Counterclaim Defendants' multiple letters by experiencing business disruption and incurring expense, including but not limited to the expense of undertaking an investigation of the unsupported infringement accusations.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaimants pray that the Court grant the following relief:

1.     Judgement in Counterclaimants' favor on each count of the Counterclaim;

2.     A declaration from the Court that claims of the '833 Patent are invalid;

3.     A declaration from the Court that Counterclaimants do not infringe any claim of the '833 Patent;

4.     A declaration from the Court that claims of the '833 Patent are unenforceable;

5.     A declaration from the Court that claims of the '062 Patent are invalid;

6..     A declaration from the Court that Counterclaimants do not infringe any claim of the '062 Patent;

7.     A declaration from the Court that claims of the '062 Patent are unenforceable;

8.     A declaration from the Court that Counterclaimants are co-owners of the Patents-in-Suit;

9.     A permanent injunction against Counter Defendants and their officers, directors, agents, servants, employees, and attorneys, and any and all persons in active concert or participation with any of them, from asserting, stating, implying or suggesting that Counterclaimants and/or any of their respective officers, agents, servants, employees, subsidiaries, vendors, or customers infringe any of the claims of the Patents-in-Suit, or instituting any further action for infringement of the Patents-in-Suit against Counterclaimants, or any of their customers, vendors, agents, successors and assigns;

10.     That Counter Defendants be found in violation of Arizona Patent Troll Prevention Act, Ariz. Rev. Stat. §§ 44-1421–1424, and awarding Counterclaimants

Rutan & Tucker, LLP
attorneys at law

2945/034192-0018
17563026.4 a06/03/22

-34-

ANSWER TO COMPLAINT, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIM

damages related to the business disruptions and incurred expenses from investigating and responding to the unsupported infringement accusations, among other things;

11.     A judgment awarding Counterclaimants damages in an amount to be proven at trial;

12.     That this case be deemed "exceptional" such that Counterclaimants are awarded their costs, reasonable attorneys' fees, and expenses incurred in connection with this action pursuant to applicable law, including but not limited to 35 U.S.C. § 285; and

13.     That the Court grant Counterclaimants such other further relief as the Court may deem proper.


Dated:  June 3, 2022                    RUTAN & TUCKER, LLP


                                        By: _____
                                            Steven J. Goon
                                            Attorneys for Defendants
                                            TRUYO INCORPORATED and
                                            INTRAEDGE INCORPORATED

Rutan & Tucker, LLP
attorneys at law

2945/034192-0018
17563026.4 a06/03/22                    -35-

ANSWER TO COMPLAINT, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIM

## DEMAND FOR A JURY TRIAL

Defendants and Counterclaimants hereby demand a trial by jury.

Dated: June 3, 2022

RUTAN & TUCKER, LLP

By: _____
Steven J. Goon
Attorneys for Defendants
TRUYO INCORPORATED and
INTRAEDGE INCORPORATED

Rutan & Tucker, LLP
attorneys at law

2945/034192-0018
17563026.4 a06/03/22

-36-

ANSWER TO COMPLAINT, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIM