B. Lance Entrekin (#016172)
**The Entrekin Law Firm**
3101 North Central Avenue, #740
Phoenix, Arizona 85012
(602) 954-1123
E-mail: lance@entrekinlaw.com
Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| TD PROFESSIONAL SERVICES, an Arizona Limited Liability Corporation,<br><br>　　　　　　Plaintiff,<br>v.<br><br>TRUYO INCORPORATED, an Arizona corporation; INTRAEDGE INCORPORATED, a Delaware corporation,<br>　　　　　　Defendants.<br>TRUYO INCORPORATED, an Arizona corporation; INTRAEDGE INCORPORATED, a Delaware corporation,<br>　　　　　　Counterclaimants,<br>v.<br><br>TD PROFESSIONAL SERVICES, an Arizona Limited Liability Corporation and SCOTT HINES,<br>　　　　　　Counterdefendants. | NO.　2:22-cv-00018-MTL<br><br>**PLAINTIFF AND HINES' ANSWER TO COUNTERCLAIM**<br><br>(Assigned to the Honorable Judge Liburdi) |

　　　Plaintiff and Scott Hines respond to the Counterclaim as follows.

1. Admit that the Counterclaim is an action to accomplish the goals listed, deny there is any basis whatsoever for a finding of invalidity, unenforceability or non infringement.

2. Admit that Plaintiff has made said claims, admit an actual controversy exists, deny Defendants have any meritorious counter arguments.

3. Admit letters were sent and said letters speak for themselves, deny all other allegations.

4. Admit these are the laws under which Defendants claim counterclaims arise, deny there is any basis for a counterclaim.

5. Admit.

6. Admit.

7. Deny there is any valid basis for a counterclaim, but admit that if a counterclaim were asserted, this Court is the appropriate venue.

8. Admit.

9. Admit.

10. Admit.

11. Admit.

12. Admit as to incorporation, deny it is a mere "place of business," in that it is the headquarters.

13. Admit as to incorporation, deny it is a mere "place of business," in that it is the headquarters.

14. Admit Hines was paid the stated sum as a consultant, deny his role was limited to sales only.

15. Admit.

16. Deny. Problems only arose when Defendants wilfully misappropriated Hines' work and infringed Plaintiff's patents.

17. Deny. Hines developed the technology by himself and brought it to Defendant Intraedge, who had nothing remotely similar. Mueller was an employee of Plaintiff, not Defendant and he drafted things Hines' instructed him to draft, that Hines had invented.

18. Plaintiff did not contemplate this, Plaintiff cannot speak to what others may or may not have contemplated and to what extent, so deny.

19. Deny. Clarke played no material role. Hines put together a Proof of Concept after inventing the technology and instructed Mueller, an employee of Plaintiff, what to draft and this is well documented.

20. Admit the email speaks for itself. Deny all other conclusions. Pricing is not

invention. The invention was not a joint effort, for reasons stated herein. Regarding the Proof of Concept, Hines instructed Mueller, an employee of Plaintiff, what to draft and this is well documented.

21. Deny all. Plaintiff does not know the exact figure and so denies. The project was viable and Intel stated the exact opposite conclusion to Hines. Further, the Statements of Work contradict these assertions.

22. Deny all, for reasons stated herein.

23. Admit Hines applied for patents, deny the rest. No other employee played a role in invention, this was well documented and acknowledged to third parties and in writing by Defendants.

24. Deny all, for reasons stated herein.

25. Deny. It is documented Hines created the diagram and gave his creation to Mueller to draft.

26. Deny. Mueller's diagram was a copy of a diagram provided to him by Hines, which is still in Plaintiff's possession. Mueller worked for Plaintiff at the time and has signed a statement that he was not the inventor. The colors were removed on instruction of patent counsel, because they contained no information relevant to the invention. Plaintiff put "Intel" in a pitch to Intel, to encourage Intel to license the invention and use it with their existing technology. It is irrefutable that Intel technology was not in any way a part of the actual invention and the documented evidence is also clear that Intel played no role in inventing the technology. Defendants do not identify a single Intel employee who allegedly did play such a role, because there are none.

27. Deny for reasons stated herein.

28. These assertions are so broad and general as to be essentially meaningless, so deny.

29. Admit.

30. Admit.

31. Deny. Comply never sold the Truyo product.

32. Deny, Hines never sought to work for Defendants as an employee. The quoted

1  email speaks for itself.

2  33. Deny all for reasons stated herein.

3  34. Admit.

4  35. Deny, for reasons given in response to pars. 36-38.

5  36. Admit both letters were sent and received, they speak for themselves.  Plaintiff's letter does not constitute patent trolling, because it makes no assertion of patent infringement.  Even if it did, it satisfies none of the other criteria for patent trolling, as set forth in the next two paragraphs.

37. Admit both letters were sent and received, they speak for themselves.  Plaintiff's letter does assert patent infringement.  The assertion that it is patent trolling is wholly frivolous.  Some, but not all, of the reasons it cannot be patent trolling are that: a) Plaintiff provided the patent number; b) Plaintiff provided the name of the patent owner; c) Plaintiff provided an explanation of standing, by identifying itself as the owner; d) Plaintiff did extensive infringement analysis before mailing; e) the letter did not demand payment of a licensing fee within a period of time; f) the demand contains no false information; g) the demand does not threaten an imminent lawsuit; h) the letter seeks a remedy in a reasonable manner; i) the person who retained counsel and sent the letter is the inventor; j) the letter advises Defendants of ownership and communicates license availability; and k) nowhere in their response letter do Defendants request the name of the owner, the patent number or a description of infringement.  Again, the claim of patent trolling is frivolous.

38. Admit both letters were sent and received, they speak for themselves.  Plaintiff's letter does assert patent infringement.  The assertion that it is patent trolling is wholly frivolous.  Some, but not all, of the reasons it cannot be patent trolling are that: a) Plaintiff provided the patent number; b) Plaintiff provided the name of the patent owner; c) Plaintiff provided an explanation of standing, by identifying itself as the owner; d) Plaintiff did extensive infringement analysis before mailing; e) the letter did not demand payment of a licensing fee within a period of time; f) the demand contains

no false information; g) the demand does not threaten an imminent lawsuit; h) the letter seeks a remedy in a reasonable manner; i) the person who retained counsel and sent the letter is the inventor; j) the letter advises Defendants of ownership and communicates license availability; and k) nowhere in their response letter do Defendants request the name of the owner, the patent number or a description of infringement.  Again, the claim of patent trolling is frivolous.

39. Deny all, for reasons stated herein.

40. Deny. With regard to the assertion that "no data collection terminal, such as a point of sale hardware device is utilized with the Truyo product," on Truyo's current website, they list five client companies and four of the companies, Macys, Jimmy Johns, GNC and Carvana, indisputably use point of sale hardware terminals to collect data streams for the Truyo platform, as does a non listed client, Footlocker.  Furthermore, Claim 2 of the patent lists an API as a claimed method to collect the data stream and an API is defined as a software interface, so the patent claims are not limited to hardware devices.  With regard to the claim there is no use of an automated compliance network appliance, this is just false, there is one.  However, the function described must be done by either a hardware solution or a software solution.  Claim #1 claims the available hardware solution and Claim #4 claims the available software solution.

41. Deny. With regard to "the use of a data lake is also not used within the Truyo product," on 12/20/21, the Truyo website stated "Truyo leverages data lakes by default," extolled the virtues of the Truyo platform using data lakes and stated that while other configurations were not impossible, they were not recommended.  The website also only recently stated as a selling point, "Atop Intel Blockchain, ledger certifies all data in data lake is unaltered."  After Truyo's counsel received the Complaint on 1/7/22, Truyo took this data lake admission off their website.  Without use of the data lake, virtually no one would buy the product, because its utility would be critically limited.  Similarly, with regard to the assertion that the Truyo platform "does not utilize or transmit data to any blockchain miners," this statement is contradicted by recently removed statements on

Truyo's website which stated as one of its four main selling points: "Atop Intel Blockchain, ledger certifies all data in data lake is unaltered." This can only be interpreted to mean that the Truyo platform utilizes blockchain miners, there is no other possible interpretation of this recent Truyo statement.

42. Deny. The USPTO and independent third parties have found the patents are valid. Hines is the inventor and there was no inequitable conduct.

43. Deny. The USPTO and independent third parties have determined both assertions are false.

44. Deny for reasons stated herein.

45. Plaintiff and Hines repeat all denials.

46. Admit.

47. Deny.

48. Deny.

49. Plaintiff and Hines repeat all denials.

50. Admit.

51. Deny.

52. Deny.

53. Plaintiff and Hines repeat all denials.

54. Deny.

55. Deny. The facts stated herein show this assertion is false, the USPTO found it to be false and Defendants offer literally nothing to support it.

56. Deny. Two independent analyses found this to be false, as did the USPTO and Defendants offer literally nothing to support it.

57. Deny. The facts stated herein contradict this and Defendants offer nothing in support.

58. Deny for the reasons stated and ask the Court to deny said request.

59. Plaintiff and Hines repeat all denials.

60. Deny.

61. Deny.  The facts stated herein show this assertion is false, the USPTO found it to be false and Defendants offer literally nothing to support it.

62. Deny.  Two independent analyses found this to be false, as did the USPTO and Defendants offer literally nothing to support it.

63. Deny.  The facts stated herein contradict this and Defendants offer nothing in support.

64. Deny for the reasons stated and ask the Court to deny said request.

65. Plaintiff and Hines repeat all denials.

66. Deny for the reasons stated in pars. 23-26 of this Answer.

67. Deny for the reasons stated in pars. 23-26 of this Answer.

68. Deny.  Defendants cannot create a justiciable controversy by making assertions contradicted by extensive evidence and identifying nothing supporting their assertions.

69. Plaintiff and Hines ask the Court to deny said request.

70. Plaintiff and Hines repeat all denials.

71. Admit the first sentence, deny the second and third for the reasons stated.

72. Deny all for the reasons stated herein.

73. Deny all for the reasons stated herein.

74. Deny.  Defendants cannot create a justiciable controversy by making assertions contradicted by extensive evidence and identifying nothing supporting their assertions.

75. Plaintiff and Hines ask the Court to deny said request.

76. Plaintiff and Hines repeat all denials.

77. Deny, for the reasons stated in pars. 37-38.

78. Deny, for the reasons stated in pars. 37-38.

79. Deny, Defendants suffered no recoverable damages.

AFFIRMATIVE DEFENSES

1. Defendants have failed to state a claim upon which relief may be granted.

2. Defendants' claims are barred, in whole or in part, by waiver, laches or acquiescence.

3. Defendants are wholly barred by reason of unclean hands.

4. Defendants' claims are barred by the statute of limitation and/or statute of repose.

PRAYER FOR RELIEF

    Plaintiff and Hines respectfully request:

1. Denial of all declaratory relief requested in counterclaims ##1-6 and judgment thereon.

2. Dismissal of Counterclaim #7 and judgment thereon.

3. Attorneys fees incurred in defending a wholly frivolous Counterclaim #7.

4. All other relief the Court sees fit to grant.

    SIGNED THIS 17th DAY OF JUNE, 2022

                              By: /s/ Lance Entrekin
                              B. Lance Entrekin, Esq.
                              The Entrekin Law Firm
                              3101 North Central Avenue, #740
                              Phoenix, Arizona 85012

**CERTIFICATE OF FILING**

    I hereby certify that on June 17th, 2022, I electronically transmitted the foregoing document to the Clerk's Office using the ECF System for filing.

                              By: /s/ Lance Entrekin
                              B. Lance Entrekin, Esq.
                              The Entrekin Law Firm
                              3101 North Central Avenue, #740
                              Phoenix, Arizona 85012