1    WO

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                       FOR THE DISTRICT OF ARIZONA

8

9    TD Professional Services,                    No. CV-22-00018-PHX-MTL

10                    Plaintiff,                   **ORDER**

11   v.

12   Truyo Incorporated, et al.,

13                    Defendants.

14

15   **I.    INTRODUCTION**

16          Pending before the Court is Defendants Intraedge Incorporated and Truyo

17   Incorporated's ("Defendants") Motion to Strike and/or Exclude Plaintiff TD Professional

18   Services' ("Plaintiff") Infringement Contentions Under Federal Rule 12(f), 16(f), or 37(c).

19   (Doc. 144.) The Motion has been fully briefed. (Docs. 144, 145, 146.) Defendants

20   requested oral argument. (Doc. 144 at 1.) After reviewing the briefs, however, the Court

21   determined that oral argument was not necessary to aid in the Court's decisional process

22   and vacated the oral argument. *See* LRCiv 7.2(f); *see also Partridge v. Reich*, 141 F.3d

23   920, 926 (9th Cir. 1998); *Lake at Las Vegas Invs. Grp., Inc. v. Pacific Dev. Malibu Corp.*,

24   933 F.2d 724, 729 (9th Cir. 1991). For the reasons set forth below, Defendants' Motion is

25   denied.

26   **II.   BACKGROUND**

27          On August 18, 2023, the parties filed a Joint Motion Re Plaintiff TD Professional

28   Services, Inc.'s Infringement Contentions. (Doc. 135.) On August 22, 2023, the Court

granted the motion in part,* requiring Plaintiff to "provide supplemental infringement contentions to Defendants no later than October 31, 2023." (Doc. 136 at 2.) On October 26, 2023, Plaintiff filed a Notice of Updating Infringement Contentions. (Doc. 139.) Plaintiff disclosed 151 pages of amended infringement contentions. (Doc 145 at 2.) Defendants stated that they sought to meet and confer with Plaintiff regarding Defendants' asserted defects in Plaintiff's infringement contentions, and Plaintiff declined. (Doc. 144 at 7.) Defendants then filed this motion.

## III.    LEGAL STANDARD

### A.    Federal Rule of Civil Procedure 12(f)

Pursuant to Federal Rule of Civil Procedure 12(f), a court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "A matter is immaterial if it 'has no essential or important relationship to the claim for relief or defenses pleaded,'" and "a matter is impertinent if it does not pertain and is not necessary to the issues in the case." *Polaris PowerLED Techs., LLC v. Nintendo Co.*, 623 F. Supp. 3d 1132, 1135–36 (W.D. Wash. 2022) (quoting 5C Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382 (3d ed. 2022)). "Motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Id.* at 1136 (quoting *Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002). "Where the moving party cannot adequately demonstrate such prejudice, courts frequently deny motions to strike 'even though the offending matter literally [was] within one or more of the categories set forth in Rule 12(f)." *Id.* (quoting *N.Y.C. Emps. Ret. Sys. v. Berry*, 667 F. Supp. 2d 1121, 1128 (N.D. Cal. 2009)).

### B.    Federal Rule of Civil Procedure 16(f)

Federal Rule of Civil Procedure 16(f) provides that a court may impose sanctions, either by motion or on its own, for any of the following deficiencies by a party: failure to appear at a scheduling or other pretrial conference, substantial lack of preparation or failure

---

*Additionally, the Order affirmed all other deadlines in the Court's Scheduling Order and July 13, 2023 Order.

to participate in good faith in a conference, or failure to obey a scheduling or other pretrial order. Fed. R. Civ. P. 16(f). The court may "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii)," and/or impose attorney's fees. Fed. R. Civ. P. 16(f)(1)–(2). The sanctions available under Rule 37(b)(2)(A)(ii)–(vii) include:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(ii)–(vii).

### C.    Federal Rule of Civil Procedure 37(c)

Federal Rule 37(c) addresses sanctions for the "failure to disclose, to supplement an earlier response, or to admit." Fed. R. Civ. P. 37(c). "The court may impose any 'just' sanction for the failure to obey a scheduling order, including 'refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence.'" *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1363 (Fed. Cir. 2006). "A decision to sanction a litigant pursuant to Fed. R. Civ. P. 37 is one that is not unique to patent law, and we therefore apply regional circuit law to that issue." *Transclean Corp. v. Bridgewood Servs., Inc.*, 290 F.3d 1364, 1370 (Fed. Cir. 2002) (internal citations omitted). The Ninth Circuit Court of Appeals looks to five factors when "considering whether a dismissal of default is appropriate as a Rule 37 sanction." *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990). The five factors are the following: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to [the party seeking sanctions]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Id.* "[T]he key factors are prejudice and availability of lesser sanctions." *Id.*

1   **IV.    LEGAL ANALYSIS**

2         **A.      Motion to Strike Plaintiff's Supplemental Infringement Contentions**

3         Defendants first ask this Court to "strik[e] Plaintiff's Supplemental Contentions in

4   their entirety as redundant, immaterial, and impertinent." (Doc. 144 at 17.) Defendants

5   raise this motion pursuant to Federal Rule 12(f). (*Id.*) The Court will consider infringement

6   contentions akin to pleadings under Federal Rule 12(f) according to Federal Circuit law.

7   *See O2 Micro Int'l*, 467 F.3d at 1366 (analyzing amendments to infringement contentions

8   in relation to the pleading standard required by the Federal Rules). As such, at this stage,

9   the Court will not strike Plaintiff's infringement contentions under 12(f) unless the

10  infringement contentions are so "immaterial or impertinent" that they fail to put Defendants

11  on notice of the alleged infringement. Defendants have failed on this record to establish

12  that striking Plaintiff's supplemental infringement contentions entirely is appropriate. This

13  Court does not view Rule 12(f) as the appropriate vehicle to test the substance of

14  infringement contentions.

15        To the extent that Defendants have provided examples of other courts using Rule

16  12(f) in this manner, the courts in Defendants' cited cases either (1) rely on Patent Local

17  Rules specifying what must be contained in infringement contentions or (2) acknowledge

18  situations where infringement contentions were amended beyond the extent that was

19  explicitly granted by the court. (*See* Doc. 144 at 3, 7–8, 11.) Accordingly, these cases are

20  inapposite. The Court emphasizes there are no applicable Patent Local Rules that govern

21  this action in this District. Defendants suggest that "[w]ithout applicable Patent Local

22  Rules, Courts address a plaintiff's failure to serve compliant infringement contentions

23  under three separate Federal Rules: (1) Federal Rule 12(f), (2) Federal Rule 16(f), and (3)

24  Federal Rule 37(c)." (Doc. 144 at 3 (internal citations omitted).) Defendants cite to *Sloan*

25  *Valve Co. v. Zurn Indus., Inc.*, No. 1:10-CV-00204, 2012 WL 6214608 (N.D. Ill. Dec. 13,

26  2012), to support the use of "Rule 12(f) as a vehicle to strike infringement contentions that

27  are irrelevant to the dispute or inconsistent with the Court's discretion." (Doc. 144 at 3.)

28  However, *Sloan Valve Co.* is a case from the Northern District of Illinois in which the court

1    indeed had adopted its own Patent Local Rules. *See Sloan Valve Co.*, 2012 WL 6214608,

2    at \*2–4. Defendants also cite to *Finjan, Inc. v. Blue Coat Sys., Inc.*, No. 13-cv-03999-BLF,

3    2015 WL 3640694 (N.D. Cal. June 11, 2015), to establish the acceptance of infringement

4    contentions as forms of pleadings. (Doc. 144 at 7–8.) Even accepting Defendants'

5    argument that infringement contentions qualify as pleadings, the court in *Finjan* was

6    operating under its own Local Patent Rules to determine whether a plaintiff's new

7    infringement contentions alleged a "new theory or new element of the accused product"

8    not previously identified, not whether contentions were sufficient. *Finjan*, 2015 WL

9    3640694, at \*2.

10   Because this Court has no comparable Local Patent Rules, nor has it adopted any

11   such Rules for this case, this Court will not expand Rule 12(f) to test the substance of the

12   "pleadings" by way of something akin to a Rule 12(b)(6) motion, but under the guise of

13   immaterial filings. Accordingly, Defendants' motion to strike Plaintiff's supplemental

14   contentions under Federal Rule 12(f) is denied without prejudice to raising these arguments

15   in a motion under Rule 56 for summary judgment.

16   **B.    Motion for Sanctions for Failure to Obey a Scheduling or Pretrial Order**

17   Defendants next request this Court impose sanctions in the form of "excluding

18   Plaintiff's Supplemental Contentions or dismissing Plaintiff's causes of action for patent

19   infringement" for failure to comply with the August 22, 2023 Order. (Doc. 144 at 17.)

20   Defendants raise this motion pursuant to Federal Rule 16(f). (*Id.*) The previous Order at

21   issue granted in part the parties' Joint Motion Re Plaintiff TD Professional Services, Inc.'s

22   Infringement Contentions. (Doc. 136.) Defendants argue that "[p]lainly, Plaintiff has not

23   endeavored to comply with the Court's Order in good faith, given its abbreviated review

24   of the source code and subsequent refus[al] to meet and confer with Defendants on this

25   issue." (Doc. 144 at 17.) Defendants state that as a result, they are "unable to ascertain the

26   basis on which Plaintiff contends the Accused Product practices the claim limitations."

27   (Doc. 144 at 15.)

28   Again, this Court recognizes that no applicable Patent Local Rules govern this

1    action. As discussed previously, Defendants suggest that Rule 16(f) applies in the absence

2    of such local rules. (Doc. 144 at 3.) Defendants cite to *In re Papst Licensing GmbH & Co.*

3    *KG Litig.*, 273 F.R.D. 339 (D.D.C. 2011), as support for the use of Federal Rule 16(f) to

4    impose sanctions for failure to comply with a court order. (Doc. 144 at 3.) There, however,

5    the court had already adopted orders with "standards substantially the same as those

6    imposed by Rule 3-1" of the Northern District of California Patent Local Rules. *In re Papst*

7    *Licensing*, 273 F.R.D. at 343. Further the court in *Papst* also required Plaintiff's final

8    contentions "to meet the express and detailed standards set forth by the Court." *Id.* at 343.

9    There has been no such "detailed standard[]" set forth here. As such, this case is inapposite.

10        Here, the Court partially granted the joint motion to compel Plaintiff to provide a

11   more definite infringement statement. (Doc. 135; Doc. 136 at 2.) Defendants state that its

12   motion was granted "in full," thus claiming numerous times that Plaintiff was required to

13   amend the infringement contentions in accordance with that which Defendants requested

14   in the joint motion. (Doc. 144 at 3; *see also* Doc. 144 at 12, 16; Doc. 146 at 3.) Instead, the

15   Court granted joint motion "in-part" and most importantly did not adopt Defendants'

16   specifications for how Plaintiff must make its infringement contentions—such as pinpoint

17   citations to allegedly infringing source code. (Doc. 136 at 2.) Given that the Court did not

18   include any such detail requirements in its previous Order, the Court certainly cannot

19   conclude that Plaintiff violated the Order for failing to comply with the non-existent

20   requirements.

21        Moreover, Defendants' argument that the supplemental infringement contentions

22   are not detailed enough is premature. (Doc. 144 at 12–13, 17.) In reality, Defendants ask

23   this Court, similar to the Rule 12(f) request, to review the substance of the supplemental

24   contentions and determine whether they are sufficient to either state a claim or create a

25   disputed issue of fact for trial. This is plainly not appropriate under Rule 16(f). Instead, the

26   Court must determine if Plaintiff violated the Court's Order. Here, no one disputes that the

27   Court ordered Plaintiff to supplement its infringement contentions. (Doc. 144 at 16; Doc.

28   145 at 2.) Further, no one disputes that the supplement provided more detailed information.

1   The Court's previous Order identified that Defendants produced over 200,000 documents

2   and provided access to source code material; Plaintiff's supplemental contentions were

3   supplemented accordingly. (Doc. 136 at 1; Doc. 145 at 15.)

4          Thus, Plaintiff has complied with the Court's Order such that sanctions under

5   Federal Rule 16(f) are not warranted. Accordingly, the motion to exclude Plaintiff's

6   supplemental contentions or dismiss Plaintiff's causes of action for patent infringement

7   under Federal Rule 16(f) is denied.

8          **C.      Motion for Sanctions for Failure to Disclose or Supplement**

9          Defendants finally request this Court impose sanctions in the form of "excluding

10  Plaintiff's Supplemental Contentions or dismissing Plaintiff's causes of action for patent

11  infringement" for non-compliance with the Court's Scheduling Order by failing to disclose

12  or supplement. (Doc. 144 at 16.) Defendants raise this motion pursuant to Federal Rule

13  37(c). (*Id.*) Defendants urge the Court to find that Plaintiff's supplemental infringement

14  contentions "do not identify any explicit description of the elements within the Accused

15  Product that infringe the Asserted Patents sufficient to meet Plaintiff's burden, such as set

16  forth under Local Patent Rule 3.1 for the Northern District of California." (Doc. 144 at 12.)

17  Defendants argue the supplemental contentions are deficient because they "do not point to

18  an *actual* product that has been built by Defendants but rely on marketing materials and

19  emails." (Doc. 144 at 12.) Defendants state Plaintiff failed to identify any hardware

20  component or element of source code, and thus, "fail[ed] to identify particular features of

21  the Accused Product" in order to be compliant infringement contentions. (*Id.* at 13.)

22         Defendants rely on *Webasto Thermo & Comfort N. Am., Inc. v. BesTop, Inc.*, No.

23  16-cv-13456, 2019 WL 2171262 (E.D. Mich. May 20, 2019), to support applying Rule 37

24  in the absence of Patent Local Rules. (Doc. 144 at 3.) In *Webasto Thermo*, the court stated:

25  "[i]n the absence of local patent rules, as is the case in this District, the Court may look to

26  case law in other districts that have adopted such rules that contain language similar to that

27  adopted by the parties and the Court to govern the litigation[.]" *Webasto Thermo*, 2019 WL

28  2171262, at *4. This Court has not adopted any language "similar to" any Patent Local

1   Rules from any jurisdiction. Additionally, the court in *Webasto Thermo* had already

2   ordered in its Scheduling Order "detailed content and timing directives for the filing of

3   infringement, non-infringement, and invalidity contentions and for amendments to

4   contentions." *Id.* This Court has made no such order. Accordingly, this case is inapposite.

5         Defendants again pin their argument on Defendants' premise that the supplemental

6   infringement contentions are deficient. (Doc. 144 at 16.) In other words, Defendants do not

7   argue that Plaintiff failed to make initial disclosures under Rule 26(a), or that Plaintiff

8   failed to make timely infringement contentions under the Scheduling Order, or that Plaintiff

9   failed to provide supplemental infringement contentions as ordered by the Court. Instead,

10   Defendants argue that Plaintiff's 151 pages of supplemental infringement contentions are

11   inadequate to either state a claim or create a disputed issue of fact for trial.

12         But like Rule 16(f), the purpose of Rule 37 is to sanction non-compliance, not to

13   serve as a "first run" at a Rule 56 motion or a "late filed" Rule 12(b)(6) motion. For the

14   Court to grant Defendants' Rule 37 request to dismiss this case for inadequate disclosure,

15   this Court would be required to conclude the 151 pages of supplemental infringement

16   contentions were in-fact inadequate. This Court cannot make this determination on this

17   record, and indeed will require summary judgment style evidence to make this

18   determination. Seemingly quasi-recognizing this reality, Defendants expressly disclaim

19   they are not moving for summary judgement. (Doc. 144 at 2 n.1.) The Court is not bound

20   by such disclaimers. The relief Defendants seek relies on a premise the Court cannot reach.

21   Further, to the extent that Defendants premise this argument on other District's Patent

22   Local Rules, those Rules are inapplicable here for the reasons stated above.

23         Thus, because this Court has neither summary judgment style evidence, nor

24   enforceable Local Rules from which the Court could conclude Plaintiff's infringement

25   contentions are in-fact deficient, the Court will not sanction Plaintiff by either striking the

26   supplemental infringement contentions or dismissing cause of action for patent

27   infringement. Accordingly, Defendants' Motion to exclude Plaintiff's supplemental

28   contentions or dismiss Plaintiff's causes of action for patent infringement under Federal

1   Rule 37(c) is denied.

2   **V.     CONCLUSION**

3           Accordingly,

4           **IT IS ORDERED denying** Defendants' Motion to Strike and/or Exclude Plaintiff's

5   Infringement Contentions Under Federal Rule 12(f), 16(f), or 37(c). (Doc. 144.)

6   Defendants are not prejudiced to raise these arguments properly in a motion for summary

7   judgment under Federal Rule 56.

8           Dated this 3rd day of April, 2024.

9

10

11                                          Michael T. Liburdi
                                            United States District Judge
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28