**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| TD Professional Services,<br><br>            Plaintiff,<br><br>v.<br><br>Truyo Incorporated, et al.,<br><br>           Defendants. | No. CV-22-00018-PHX-MTL<br><br>**ORDER** |

      Pending before the Court is Defendants Truyo Inc.'s and IntraEdge Inc.'s (collectively Defendants) motion to strike Plaintiff TD Professional Services' amended response to motion for summary judgment. The motion to strike is fully briefed.[1] (Docs. 206, 207, 208.) For the forthcoming reasons, the Court denies Defendants' motion (Doc. 206).

**I.**

      On July 2, 2024, Defendants filed a motion for summary judgment (Doc. 177) without a separate statement of facts—conforming to the requirements set forth in the Court's Scheduling Order, which suspended the requirements of Local Rule of Civil Procedure 56.1. (Doc. 51 ¶ 7(c).) On July 30, 2024, Plaintiff filed a timely response with a separate statement of facts, arguing in part that the Court should deny Defendants' motion because they failed to comply with LRCiv 56.1. (Doc. 191 at 5 (quoting

---

[1] Neither party requested oral argument on the motion to strike. After considering the briefs, the Court has determined that oral argument is not necessary for its decisional process.

1  LRCiv 51.6 ("failure to submit a separate statement of facts in this form may constitute grounds for the denial of the motion").) On August 14, 2024, Defendants timely replied, arguing in part that Plaintiff failed to conform to the Court's Scheduling Order and that Plaintiff also failed to properly authenticate the exhibits attached to its separate statement of facts. (Doc. 198 at 5-6.)

One day later, on August 15, 2024, Plaintiff filed an amended response to the motion for summary judgment that conformed to the requirements outlined by the Court. (Doc. 202; Doc. 51 ¶ 7(c).) In its amended response, Plaintiff excluded the portion arguing that Defendants motion should be denied for failure to follow LRCiv. 56.1 and included two new declarations for the purpose of authenticating the accompanying exhibits. (*See* Doc. 202; Doc. 202-1; Doc. 202-2.)

That same day, Defendants filed a motion to strike (Doc. 206), arguing that the Court should strike Plaintiff's amended response (Doc. 202) because the amended response was untimely and introduced two new declarations—prejudicing Defendants by not allowing them an opportunity to reply. (Doc. 206 at 2.)

**II.**

Under the Court's Scheduling Order,

> Local Rule of Civil Procedure 56.1 is suspended, except for subsection (d). The Court will decide summary judgment motions under Federal Rule of Civil Procedure 56 only. The parties may <u>not</u> file separate statements of facts or separate controverting statements of facts, but instead must include all facts in the motion, response, or reply itself. All evidence to support a motion or response must be attached to the motion or response.

(Doc. 51 ¶ 7(c) (emphasis in original).)

Rule 56(c), Fed. R. Civ. P., outlines the procedures parties must use to support the factual positions in their motions. *Id.* Unauthenticated documents cannot be considered to defeat a summary judgment motion. *Canada v. Blain's Helicopters, Inc.*, 831 F.2d 920, 925 (9th Cir, 1987). Evidence "must be authenticated by and attached to an affidavit that

meets the requirements of [Rule 56, Fed. R. Civ. P.,] and the affiant must be a person through whom the exhibits could be admitted into evidence." *Id.* "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of facts as required by Rule 56(c), the court may give an opportunity to properly support or address the fact . . . or issue any other appropriate order." Fed. R. Civ. P. 56(e)(1), (4).

Local Rule of Civil Procedure 7.2(m) authorizes the Court to strike "any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule, or court order." LRCiv. 7.2(m)(1). "The decision to grant or deny a motion to strike is within the [C]ourt's discretion." *Sunburst Minerals, LLC v. Emerald Copper Corp.*, 300 F. Supp. 3d 1056, 1059 (D. Ariz. 2018).

Here, Plaintiff's counsel mistakenly followed LRCiv 56.1(b), rather than the Court's summary judgment briefing requirements. (*See* Doc. 191.) As a result, Plaintiff accused Defendants of not conforming their brief to the local rule. Unrelatedly, Plaintiff's counsel also did not properly authenticate its supporting exhibits as required by Rule 56(c), Fed. R. Civ. P. (*See* Doc. 192.) Because of these issues, Defendants spent precious pages of their reply brief responding to Plaintiff's mistakes. (*See* Doc. 198.)

Once he realized the mistake, however, Plaintiff's counsel quickly amended the response in an attempt to conform to the Scheduling Order and Rule 56, Fed. R. Civ. P.[2] Nonetheless, Defendants are prejudiced by not having the opportunity to respond to the two new declarations. Rather than punish Plaintiff for its counsel's mistake, the Court will provide Defendants an opportunity to file an amended reply so that they are given an opportunity to be fully heard.

**III.**

Accordingly,

**IT IS ORDERED denying** Defendants' motion to strike (Doc. 206). Plaintiff's amended response to motion for summary judgment (Doc. 202) shall be the operative response.

---

[2] The Court takes no position as to whether the evidence attached to the amended response is properly authenticated at this time.

1   **IT IS FURTHER ORDERED** that Defendants may file an amended reply no later than fourteen (14) days from the date of this Order.

**IT IS FINALLY ORDERED** affirming the in-person oral argument on Defendants' motion for summary judgment (Doc. 177) set for **Thursday, November 7, 2024, at 10:00 AM** (Doc. 215).

Dated this 15th day of October, 2024.

Michael T. Liburdi
United States District Judge